Leech Unemployment Compensation Case.

Argued November 15, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*James D. Leech,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WOODSIDE, J., December 14, 1961:

In this unemployment compensation case the bureau denied the claimant benefits on the basis that he was discharged from work for willful misconduct. The referee and the board also denied benefits to the claimant, but they based their decisions on a finding that the claimant voluntarily left his employment.

Section 402(b) of the Unemployment Compensation Law, 43 P.S. §802(b) provides: "An employe shall be ineligible for compensation for any week—(b) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, . . ."

In this case the appellant claims that he was laid off from work. To substantiate this contention, he points to a notice posted by his employer, the Great American Tea Company, and addressed to all salespeople. The pertinent provisions of this notice were as follows: "After the last of September all routes operating under $300.00 will be closed or consolidated. Those 4 or 5 routes in this category that feel that this is impossible has ample opportunity to look for a new job by then."

Since appellant's route was doing under $300.00, he points to this as a layoff notice.

The record discloses, that October 1, 1960, was the appellant's last day of work. On Monday, October 3, 1960, his wife called the employer and reported that appellant was ill. The appellant did not discuss the posted notice with his employer, and there was testimony that had the appellant reported for work on October 3, it would have been available.

The record shows that the board's findings are supported by competent evidence. We are therefore bound by its decision. *Mettetal Unemployment Compensation Case*, 187 Pa. Superior Ct. 291, 293, 144 A. 2d 586 (1958).

Decision affirmed.